East'n. District.
*June,* 1826.

DELASSIZE
*vs.*
CENAS & AL.

---

*DONALDSON & AL. vs. DORSEY & AL.*

APPEAL from the court of probates of the parish and city of New-Orleans.

MARTIN, J., delivered the opinion of the court. The plaintiffs state, that their mother left the city of New-Orleans for Beauford, North Carolina; that neither she nor the

The court of probates has jurisdiction of all cases that relate to putting into provisional possession the

East'n. District,
*June*, 1826.

DONALDSON
& AL.
*vs.*
DORSEY & AL.

heirs of the ab-
sentee; but they
cannot try the
question of title.

vessel she sailed in, were ever heard of; that the defendants are in possession of a house and lot, part of her estate: they pray to be sent into provisional possession of the house and lot, and that the defendants may be decreed to pay them the profits. The defendants pleaded to the jurisdiction of the court, and title in themselves.

The court decreed provisional possession, but dismissed the defendants with their costs. The plaintiffs appealed.

Their counsel contends the court of probates has, by the act of 1820, p. 92, sect. 1, jurisdiction of all cases which relate to the putting into provisional possession the heirs of an absentee.

This is certainly true, and the judge *a quo* has done so by decreeing the provisional possession to the plaintiffs; if they claim, as part of the estate, any property in the possession of any one, they must assert their right of the estate contradictorily with the possessor, in the ordinary tribunal. Surely, the section relied on, did not authorise the collection of debts due to the estate, in the court of probates.

It is therefore ordered, adjudged and de-creed, that the judgment of the court of probates be affirmed, with costs.

DONALDSON
& AL.
*vs.*
DORSEY & AL.

*M·Caleb* for the plaintiffs, *Morse, and Maybin,* for the defendants.